Filed 7/22/24  P. v. Cho CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAE CHEOL CHO,<br><br>    Defendant and Appellant. | B324509<br><br>(Los Angeles County<br>Super. Ct. No. BA255752) |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

# INTRODUCTION

In 2006 Jae Cheol Cho was convicted of second degree murder for the killing of Ki Hong. His codefendant, Kyu Lee, was convicted of first degree murder. At trial, Cho's jury was instructed with CALJIC No. 3.01 on aiding and abetting, which holds an aider and abettor liable if he acts "[w]ith knowledge of the unlawful purpose of the perpetrator, and . . . [with] the intent or purpose of committing or encouraging or facilitating the commission of the crime."

In 2022 Cho filed a petition for resentencing under Penal Code section 1172.6.[1] At the prima facie review hearing, Cho argued the jury instructions allowed him to be convicted of second degree murder under a theory of imputed malice because CALJIC No. 3.01 did not require the jury to find he personally acted with malice as an aider and abettor. The superior court denied Cho's petition, relying on denials of other resentencing petitions where the petitioners were convicted of murder as an aider and abettor.

Although the record of conviction demonstrates potential instructional error, we conclude the superior court did not err in denying Cho's petition because the record of conviction demonstrates he is ineligible for relief as a matter of law. Cho is not entitled to relief under section 1172.6 because he has not satisfied the statutory requirement in subdivision (a)(3) of demonstrating he "could not presently be convicted of murder . . . because of changes to Section 188 or 189" under Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).) Accordingly, we affirm.

---

[1] All further undesignated statutory references are to the Penal Code.

# FACTUAL AND PROCEDURAL BACKGROUND

A.      *Cho's 2006 Conviction*

In October 2003, while incarcerated at the Los Angeles County Men's Central Jail, Cho and Lee assaulted and killed Hong, another inmate.

Cho and Lee were charged with murder (§ 187, subd. (a)). The information contained special allegations that Cho personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)); the murder was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)); and Cho had three prior convictions of a serious or violent felony or juvenile adjudication (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

At Cho's trial, the jury was instructed with CALJIC No. 8.30: "Murder of the second degree is the unlawful killing of a human being with malice aforethought when the perpetrator intended unlawfully to kill a human being but the evidence is insufficient to prove deliberation and premeditation." The jury also received CALJIC No. 8.31:

"Murder of the second degree is also the unlawful killing of a human being when:
"1.    The killing resulted from an intentional act,
"2.    The natural consequences of the act are dangerous to human life, and
"3.    The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life.
"When the killing is the direct result of such an act, it is not necessary to prove that the defendant intended that the act would result in the death of a human being."

The jury was further instructed with CALJIC No. 3.01 on aiding and abetting, which provides as relevant here:

"A person aids and abets the commission of a crime when he or she:

"(1)    With knowledge of the unlawful purpose of the perpetrator, and

"(2)    With the intent or purpose of committing or encouraging or facilitating the commission of the crime, and

"(3)    By act or advice aids, promotes, encourages or instigates the commission of the crime."

The jury convicted Cho of second degree murder and found the special allegations true.  Lee was convicted of first degree murder with the same special allegation findings.  Cho was sentenced to a total of 30 years to life plus six years.

This court affirmed the judgment on direct appeal. (*People v. Cho* (Apr. 18, 2007, B192389) [nonpub. opn.].)

B.    *Cho's Section 1172.6 Petitions*

In 2019 Cho petitioned for resentencing relief under former section 1170.95, now section 1172.6.[2]  At the time of Cho's first petition, the statute authorized relief only for those convicted under the felony murder rule or the natural and probable consequences doctrine.  (See *People v. Strong* (2022) 13 Cal.5th 698, 707, fn. 1 (*Strong*).)  The superior court denied Cho's petition, reasoning, "Per the court records and appellate opinion,

---

[2]    Effective June 30, 2022 the Legislature renumbered former section 1170.95 as section 1172.6 without substantive change. (*Strong, supra,* 13 Cal.5th at p. 708, fn. 2.)

[Cho] personally was involved [in the crime] as one of two actual killers. [Cho] was not convicted on a natural and probable consequences theory or on an aiding and abetting theory for felony murder. [Cho] does not qualify for relief."

Cho filed a second petition, which is the subject of this appeal, after the Legislature amended section 1172.6 to expand relief to any person convicted of murder pursuant to a "theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a), as amended by Stats. 2021, ch. 551, § 2.) The People opposed Cho's petition, arguing Cho was ineligible for relief as a matter of law because the jury "was not instructed on felony murder, natural and probable consequences[,] or any other theory of culpability that imputed malice to [Cho]. [Cho] was prosecuted as a perpetrator who committed this crime with actual malice." The People submitted the jury instructions from Cho's trial, which included CALJIC No. 8.31 (second degree murder) and CALJIC No. 3.01 (aiding and abetting).

Through appointed counsel, Cho filed a reply. Comparing his case to *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*), Cho argued the jury may have convicted him under a theory of imputed malice based on his participation in the crime. Cho argued that "[t]he jury found his co-defendant . . . acted with deliberate premeditation in convicting him of murder in the first degree," but Cho was convicted of second degree murder, potentially "as an aider and abettor." Because the jury instructions at his trial "permitted conviction under an aiding and abetting theory without an explicit finding of malice, implied or otherwise, on [Cho's] part," Cho argued he had established a prima facie case for resentencing relief.

The superior court held a prima facie review hearing on Cho's petition. The court stated it reviewed "the [jury] instructions" and acknowledged the *Langi* decision, but denied Cho's petition based on *People v. Cortes* (2022) 75 Cal.App.5th 198 (*Cortes*), *People v. Coley* (2022) 77 Cal.App.5th 539 (*Coley*), and *People v. Estrada* (2022) 77 Cal.App.5th 941 (*Estrada*). The court observed that *Cortes*, *Coley*, and *Estrada* all involved "murder charges" where the jury was instructed on aiding and abetting, but the petitioners in those cases failed to make a prima facie showing for resentencing relief.

Cho timely appealed.

## DISCUSSION

Cho asserts the superior court incorrectly denied his petition because the jury instructions permitted the jury to convict him of murder through a theory of imputed malice.

A.    *Legal Background and Standard of Review*

In 2018 the Legislature passed Senate Bill No. 1437, narrowing accomplice liability for murder by amending sections 188 and 189 of the Penal Code. (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*); *People v. Solis* (2020) 46 Cal.App.5th 762, 768.) The legislation eliminated the natural and probable consequences doctrine and amended the felony murder rule "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1.) For those convicted of murder who could not presently be

convicted after these amendments, Senate Bill No. 1437 authorized a petition for resentencing through section 1172.6. (See *People v. Patton* (2023) 89 Cal.App.5th 649, 655, review granted June 28, 2023, S279670.)

In 2021, through Senate Bill No. 775, the Legislature expanded murder resentencing relief to include "not only those convicted of felony murder or murder under the natural and probable consequences doctrine, but also those convicted of murder under any 'other theory under which malice is imputed to a person based solely on that person's participation in a crime.'" (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 931 (*Berry-Vierwinden*).)

Under section 1172.6, a petitioner convicted of murder may file a petition in superior court declaring he is eligible for resentencing relief and requesting the appointment of counsel. (§ 1172.6, subd. (b)(1).)  A petitioner is eligible for relief "when *all of* the following conditions apply:

"(1)  A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

"(2)  The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

"(3)  The petitioner could not presently be convicted of murder or attempted murder *because of* changes to Section 188 or

7

189 made effective January 1, 2019." (§ 1172.6, subd. (a), italics added.)

"After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) If the court "determines that the petition for resentencing establishes a prima facie case for relief, the court must issue an order to show cause and then conduct a hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts." (*People v. Garcia* (2022) 82 Cal.App.5th 956, 966-967.)

Our Supreme Court has described the prima facie inquiry as "limited" and emphasized that "'the prima facie bar was intentionally and correctly set very low.'" (*Lewis*, *supra*, 11 Cal.5th at pp. 971-972.) At the prima facie stage, ""the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved."'" (*Id.* at p. 971.) The court may also "look at the record of conviction," and "'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition,"'" the court may rule against the petitioner. (*Ibid.*) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972.)

"We independently review a trial court's determination on whether a petitioner has made a prima facie showing." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

B.    *Cho Did Not Meet His Burden To Establish a Prima Facie Case for Resentencing Relief*

Cho argues he established a prima facie showing for relief because the jury instructions at his trial allowed the jury to convict him of second degree murder under a theory of imputed malice, which he contends is impermissible under section 1172.6. Although Cho has demonstrated instructional error, he has not demonstrated he is entitled to resentencing relief.

"Second degree murder is an unlawful killing with malice aforethought . . . .  [Citation.]  Malice may be express or implied." (*In re Ferrell* (2023) 14 Cal.5th 593, 600.)  "Implied malice requires proof of both a physical act and a mental state. Physically, a defendant must perform an act whose natural consequences are dangerous to life . . . .  [Citations.]  To establish the mental state required for implied malice, the defendant must deliberately perform the act with a conscious disregard for life, knowing the act endangers another's life."  (*Ibid.*)

As noted, Senate Bill No. 1437 limited accomplice liability for murder, including second degree murder.  "[N]otwithstanding Senate Bill 1437's elimination of natural and probable consequences liability for second degree murder, an aider and abettor who does not expressly intend to aid a killing can still be convicted of second degree murder if the person knows that his or her conduct endangers the life of another and acts with conscious disregard for life."  (*People v. Gentile* (2020) 10 Cal.5th 830, 850, superseded by statute on other grounds as stated in *People v. Hola* (2022) 77 Cal.App.5th 362, 370; accord, *Langi, supra,* 73 Cal.App.5th at p. 979 [after Senate Bill No. 1437, an "actual killer, or a direct aider and abettor of the killing who knew that his (or her) conduct endangered the life of another and acted with

9

conscious disregard for life, may be guilty of second degree murder"].)

Cho relies heavily on *Langi*. In that case, Division Four of the First Appellate District considered whether a petitioner convicted of second degree murder established a prima facie case for relief based on "ambiguous" jury instructions allowing a jury to convict on a theory of imputed malice. (*Langi, supra,* 73 Cal.App.5th at p. 980.) Like Cho's jury, Langi's jury was instructed with CALJIC Nos. 8.31 (second degree murder) and 3.01 (aiding and abetting). (*Id.* at p. 981.) *Langi* observed that *People v. Powell* (2021) 63 Cal.App.5th 689 (*Powell*) "clarifie[d]" that an "untailored, standard aiding-and-abetting instruction fails to convey" the necessary elements of aiding and abetting second degree implied-malice murder.[3] (*Langi,* at p. 982, fn. 10.) *Langi* explained that "[a]lthough the definition of second degree murder in CALJIC No. 8.31 states that the perpetrator must have acted with conscious disregard for human life, the definition of an aider and abettor in CALJIC No. 3.01 does not include the same requirement." (*Id.* at p. 983.)

*Langi* concluded that these two jury instructions allowed "the jury to find [the petitioner] guilty of murder if it found that (1) the killing resulted from the actual killer's intentional act; (2) appellant aided and abetted that intentional act; and (3) the killer 'deliberately performed [the act] with knowledge of the danger to, and with conscious disregard for, human life'— whether or not *appellant* knew of or consciously disregarded the danger to human life. The instructions thus permitted the jury to impute malice to appellant based solely on his participation in a

---

[3]     *Powell* did not involve section 1172.6.

crime, without having to find that he personally acted with malice." (*Langi, supra,* 73 Cal.App.5th at p. 981.)

*Langi* acknowledged that "Senate Bill No. 1437 did not alter the law regarding direct aiding and abetting of second degree murder." But it reasoned that the petitioner was still entitled to relief because "before the enactment of Senate Bill No. 1437, there was 'a dearth of decisional law on aiding and abetting implied malice murder,' attributable to 'the heretofore availability of the natural and probable consequences doctrine for second degree murder' . . . . [Citation.] . . . [Citation.] Thus, while Senate Bill No. 1437 did not alter the law regarding direct aiding and abetting of second degree murder, it did bring out the inadequacy of standard aiding-and-abetting instructions" in the context of implied-malice murder. (*Langi, supra,* 73 Cal.App.5th at p. 982, fn. 10.)

The Courts of Appeal are divided on whether to follow the approach outlined in *Langi*. (See, e.g., *People v. Maldonado* (2023) 87 Cal.App.5th 1257, 1265-1269 (*Maldonado*) [extending *Langi* to first degree murder by means of lying in wait]; but see *Berry-Vierwinden, supra*, 97 Cal.App.5th at pp. 932-937 [disagreeing with *Langi*] and *People v. Flores* (2023) 96 Cal.App.5th 1164, 1174 [same].) The California Supreme Court has granted review of a related issue in *People v. Antonelli* (2023) 93 Cal.App.5th 712, review granted October 18, 2023 (S281599). *Antonelli* will provide guidance on whether section 1172.6 relief extends to petitioners convicted on a theory of murder unaffected by Senate Bill No. 1437's amendments but

11

which involved imputed malice.[4]  Until the court resolves this issue, we follow the approach in *Berry-Vierwinden*.

In *Berry-Vierwinden*, a petitioner convicted of first degree lying-in-wait murder argued he established a prima facie case for relief under *Langi* and *Maldonado* because the aiding and abetting jury instruction permitted the jury to impute malice to him solely based on his participation in the crime.  (See *Berry-Vierwinden, supra,* 97 Cal.App.5th at pp. 929-930.)  Division One of the Fourth Appellate District held that the petitioner was ineligible for resentencing relief because "[o]ne of the requirements for the prima facie showing is that the petitioner 'could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189' made by Senate Bill No. 1437."  (*Id*. at p. 931, quoting § 1172.6, subd. (a)(3).)  *Berry-Vierwinden* reasoned that "a court may deny the petition at the prima facie stage if the record of conviction conclusively establishes that the petitioner was convicted on a theory not affected by Senate Bill No. 1437."  (*Ibid*.)  And because "Senate Bill No. 1437 did not *change* the law to prohibit direct aider and abettor liability on an imputed malice theory," the

---

[4]  Specifically, the high court will consider whether a petitioner may seek resentencing "on the ground that malice could be imputed to the defendant under the provocative act theory of murder," which was not expressly amended by Senate Bill No. 1437.  (See *Antonelli, supra,* 93 Cal.App.5th at p. 721 [petitioner ineligible for relief because Senate Bill No. 1437 "did not change the law to prohibit the conviction of provocative act murder"]; but see *People v. Lee* (2023) 95 Cal.App.5th 1164, 1185 [petitioner is eligible for relief because Senate Bill No. 1437's "bar on imputed malice based solely on participation in a crime would prohibit conviction for provocative act murder"].)

petitioner could not make the threshold showing under subdivision (a)(3) of section 1172.6.  (*Id.* at p. 936.)

 *Berry-Vierwinden* distinguished *Langi* because that case "did not consider the language of section 1172.6, subdivision (a)(3) requiring that defendants show they can no longer be convicted of murder 'because of changes' made by Senate Bill No. 1437." (*Berry-Vierwinden*, *supra*, 97 Cal.App.5th at p. 936; accord, *People v. Flores, supra*, 96 Cal.App.5th at p. 1174.)  Indeed, the high court has explained that "the 'changes' described in section 1172.6, subdivision (a)(3) plainly refer to the substantive amendments to sections 188 and 189 that were enacted along with the resentencing provisions in Senate Bill 1437." (*People v. Curiel* (2023) 15 Cal.5th 433, 461; accord, *Strong*, *supra*, 13 Cal.5th at p. 712 [construing subdivision (a)(3)'s "'because of changes" language to mean "that the 2019 changes supply a basis for the claim"].)  *Berry-Vierwinden* reasoned that "the instructional errors [petitioner] asserts have nothing to do with these 2019 legislative changes" (*Berry-Vierwinden,* at p. 935) and instead "amount[] to 'a routine claim of instructional error' that 'could have been raised on appeal from the judgment of conviction.'"[5]  (*Id*. at p. 936.)

---

[5] *Berry-Vierwinden* observed that in *People v. McCoy* (2001) 25 Cal.4th 1111 (*McCoy*), the California Supreme Court clarified that "'outside of the natural and probable consequences doctrine, an aider and abettor's mental state must be at least that required of the direct perpetrator.'" (*Berry-Vierwinden, supra,* 97 Cal.App.5th at p. 935, quoting *McCoy* at p. 1118.)  Thus, at the time of the petitioner's 2010 trial in *Berry-Vierwinden*, and by the time of Cho's trial in 2006, "'[t]he Supreme Court's *McCoy* decision . . . [had] made clear that [a] direct perpetrator's mental

Cho argues that *Langi* is factually similar to his case. As in *Langi*, the jury at Cho's trial received an unmodified, incomplete aiding-and-abetting instruction that did not require the jury to find that Cho personally acted with a mental state of implied malice. (See *Langi, supra*, 73 Cal.App.5th at p. 983; accord, *Maldonado, supra*, 87 Cal.App.5th at pp. 1266-1267; *Powell, supra*, 63 Cal.App.5th at p. 714.) The jury did not make any other findings from which it could be inferred that it found Cho possessed implied or express malice. Nor did the jury receive instructions on any lesser-included crimes that might have clarified the implied malice requirement for an aider and abettor of second degree murder. But Cho essentially raises a claim of instructional error, rather than demonstrating that he could not presently be convicted of second degree murder because of changes made to sections 188 or 189.

As such, Cho is ineligible for relief as a matter of law because his conviction was not impacted by Senate Bill No. 1437's changes to the Penal Code. As noted above, section 1172.6 authorizes a resentencing petition when "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective

state could *not* be imputed to an aider and abettor, whose mental state had to be independently evaluated.'" (*Berry-Vierwinden,* at p. 935; see *People v. Burns* (2023) 95 Cal.App.5th 862, 868.) *Powell* relied on *McCoy* to find fault with the standard aiding and abetting instructions in the context of implied malice murder. (See *Powell, supra*, 63 Cal.App.5th at pp. 712-714.) As in *Berry-Vierwinden*, Cho could have raised the issue of imputed malice in his direct appeal by arguing under *McCoy* that he was convicted without a personal finding of implied malice. (See *Berry-Vierwinden*, at pp. 935-936.)

14

January 1, 2019." (§ 1172.6, subd. (a)(3).)  Thus, even if Cho's jury was erroneously instructed on the malice personally required for direct aiders and abettors (see *Powell*, *supra*, 63 Cal.App.5th at p. 714), Cho has not demonstrated he is eligible for resentencing relief *because of* the amendments made by Senate Bill No. 1437.[6]  (See § 1172.6, subd. (a)(3); *Berry-Vierwinden*, *supra*, 97 Cal.App.5th at pp. 936-937; *People v. Burns* (2023) 95 Cal.App.5th 862, 869; *id.* at p. 865 [denying resentencing relief for instructional error because "the alleged error he identifies has nothing to do with the 2018 and 2021 legislative changes that gave rise to section 1172.6's petition process"].)  Although Cho is ineligible for resentencing under section 1172.6, he is free to file a petition for writ of habeas corpus in the Los Angeles Superior Court.[7]

---

[6]     At oral argument, Cho argued that *Strong*, *supra*, 13 Cal.5th 698, recognized a broader scope of relief was available under section 1172.6 because changes in decisional law can authorize resentencing.  (See *id.* at p. 712 ["[S]ection 1172.6, subdivision (a)(3)'s 'because of' language does not require a showing that a claim to relief under Senate Bill 1437 arises from *no other* cause—only that the 2019 changes supply a basis for the claim and so are *a* cause."]; see also *Langi, supra,* 73 Cal.App.5th at p. 982, fn. 10.)  Even assuming that Cho's reading of *Strong* is correct, that would not help Cho because he could have raised his instructional error claim on direct appeal based on *McCoy, supra*, 25 Cal.4th 1111, as previously noted.

[7]     Should Cho file such a petition, we take no position on whether it should be brought under *McCoy* or *Powell*.

15

## DISPOSITION

The order denying Cho's section 1172.6 petition is affirmed.

MARTINEZ, P. J.

We concur:

SEGAL, J.

FEUER, J.

16